IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN P. BRADLEY,

                      Plaintiff,

    v.

WISCONSIN DEPARTMENT OF NATURAL
RESOURCES, CATHY STEPP, Secretary of the
Department of Natural Resources, in her official
capacity, MACK HANNON, Conservation Officer
in his official capacity, TIMOTHY EBERT,
Conservation Officer in his official capacity
and JOHN DOE,

                      Defendants.

ORDER

11-cv-694-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on October 13, 2011, I told plaintiff Kevin Bradley that before I could consider his request to proceed in forma pauperis he would have to submit an amended affidavit of indigency explaining how he pays for his basic living expenses and detailing his sources of income for the last 12 months. Plaintiff has submitted the requested affidavit.

      The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

1

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has been unemployed since April, 2011. He receives no unemployment benefits and has been living off money he has saved from his past employment, which will not cover his monthly living expenses much longer. Although plaintiff is married, he is separated from his wife and does not benefit from her salary. Plaintiff lists some assets, including a farm tractor worth approximately $1,800 and vacant land worth approximately $60,000, but it appears that these items are of no immediate value. From plaintiff's affidavit I conclude that he qualifies for indigent status. Therefore, plaintiff may proceed without any prepayment of fees or costs.

Accordingly, IT IS ORDERED that plaintiff Kevin Bradley's complaint is taken under advisement. As soon as the court's calendar permits, plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915 to decide whether to grant plaintiff leave to proceed on it. Leave will not be granted if the action must be dismissed as malicious or legally "frivolous," a term that means that the complaint does not allege a claim of any kind. Leave can be denied also if the complaint does not state a claim on which plaintiff could obtain relief

under the law or if plaintiff is asking for money from a defendant who is legally protected from having to pay money in his case. Plaintiff will be notified promptly when such a decision has been made. In the meantime, if plaintiff needs to communicate with the court about his case, he should be sure to write the case number shown above on his communication.

Entered this 20th day of October, 2011.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge