IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN P. BRADLEY,

                                                                   ORDER

          Plaintiff,

                                                               11-cv-694-bbc

    v.

CATHY STEPP, Secretary of the Department of Natural Resources,
in her official capacity, MACK HANNON, Conservation Officer,
in his official capacity, and TIMOTHY EBERT, Conservation Officer,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Kevin Bradley is proceeding in this action on his claims against defendants Cathy Stepp, Mark Hannon and Timothy Ebert. Defendants have responded to the complaint and a preliminary pretrial conference was held on April 17, 2012. Now plaintiff has filed a motion to dismiss this case.

      When a motion for voluntary dismissal is filed after a defendant has filed an answer, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper." If defendants are willing to accept dismissal without prejudice, I will grant plaintiff's motion promptly. However, because they have been required to defend this action, they may decide that they will agree to voluntary dismissal only if it is *with* prejudice, which would mean that plaintiff will be barred from bringing the claims in this case in any new case. If defendants are not

1

willing to agree to a dismissal without prejudice, then plaintiff will have an opportunity to withdraw his motion.

ORDER

IT IS ORDERED that defendants Cathy Stepp, Mark Hannon and Timothy Ebert may have until November 27, 2012, in which to advise plaintiff Kevin P. Bradley and the court whether they agree to dismissal of this action without prejudice. If defendants agree to such a dismissal, the clerk of court is directed to close this case. If defendants do not agree to such a dismissal, plaintiff may have until December 4, 2012, in which to withdraw his motion for voluntary dismissal or to advise the court that he has no objection to a dismissal with prejudice. If, by December 4, 2012, plaintiff fails to request withdrawal of his notice of voluntary dismissal, the clerk of court is directed to enter judgment dismissing this case with prejudice.

Entered this 20th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge